UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| LARRY DWAYNE WALLING, | Case No. 3:14-cv-406 |
| Plaintiff, | District Judge Walter H. Rice |
| vs. | Magistrate Judge Michael J. Newman |
| H. CHARLES WAGNER, | |
| Defendant. | |

**REPORT AND RECCOMENDATION THAT THE COURT DISMISS THIS ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND FED. R. CIV. P. 12(h)(3)**

This matter is before the Court for a *sua sponte* review of *pro se* Plaintiff Larry Dwayne Walling's complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff -- who is incarcerated at the United States Penitentiary in Coleman, Florida ("FCI Coleman") -- brings this action asserting legal malpractice, breach of contract, negligence, misrepresentation, breach of fiduciary duty, and civil rights claims under 42 U.S.C. § 1983 against Defendant H. Charles Wagner ("Wagner"), his former counsel.[1] Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") on November 25, 2014 (doc. 1), which the Court granted by Notation Order. The Court stayed service of the complaint pending this initial review under § 1915(e)(2).

**I.**

The Court accepts all of Plaintiff's "non-conclusory allegations" as true, and reads his complaint liberally, for the purposes of this initial review. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437 (6th Cir. 2012) (internal citations omitted). Plaintiff alleges that, in January 2008,

---

[1] Athough Plaintiff is a prisoner, the Court reviews his complaint under 28 U.S.C. § 1915(e)(2) because 28 U.S.C. § 1915A applies only when a prisoner seeks relief from a governmental entity or employee. 28 U.S.C. § 1915A(a). Here, Plaintiff seeks relief from a private individual.

a State of Ohio probation officer searched his home and discovered a gun, $50,000, a digital scale, and titles to various vehicles; a subsequent search of Plaintiff's safe deposit box yielded an additional $32,000. Doc. 2 at PageID 48. Plaintiff was sentenced to nine months in state prison for violating his parole, *i.e.,* having a gun at his residence. *Id.* After learning that he could be charged with violations of 18 U.S.C. §§ 922(g)(1), 924(a)(2) -- as a felon in possession of a firearm -- Plaintiff states that he retained Wagner to represent him on "possible future [f]ederal [c]harges and forfeiture process and claims." *Id.* at PageID 48-49.

Plaintiff claims he repeatedly told Wagner that he lawfully acquired the money and personal belongings discovered during the search of his home, and that he had no intention of forfeiting any of these items. *Id.* at PageID 49. Nonetheless, according to Plaintiff, in April 2008, Wagner advised Plaintiff to sign papers consenting to forfeiture, and that if Plaintiff did not do so, the "DEA would bring charges against [him]." *Id.* Plaintiff claims that he relied on Wagner's advice and signed the "forfeiture papers," despite the fact that Plaintiff had not been charged with any federal crime at this point. *Id.* Plaintiff does not specify what "forfeiture papers" he signed or as to what property. *See id.* However, an exhibit attached to Plaintiff's complaint[2] clarifies that the currency was administratively forfeited in May 2008, and the vehicles were forfeited in a 2008 case in the Southern District of Ohio -- *United States v. 1998 Lexus GS 400*, No. 3:08-cv-218 (S.D. Ohio June 24, 2008). Doc. 2-2 at PageID 64, 65.

---

[2] The exhibit – namely the Government's memorandum in opposition to Plaintiff's motion for the return of seized property, discussed *infra* -- is attached to the complaint and may be considered by the Court in evaluating whether Plaintiff states a claim. *See* Fed. R. Civ. P. 10(c) ("[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."

In November 2010, Plaintiff contends that Wagner contacted him regarding a proposed plea agreement on the federal gun charges.[3] Plaintiff asserts that he thereafter "repeatedly told [Wagner] to retrieve his personal[] belongings," and was told by Wagner that "he had done all that could have been legally done." *Id.* at PageID 50.

In December 2012, Plaintiff filed a *pro se* motion for the return of seized property -- consisting of approximately $85,000 in currency and three vehicles -- pursuant to Fed. R. Civ. P. 41(g). *Id.* The Government filed a memorandum in opposition in February 2013, asserting that no administrative claims were filed with regard to the currency and that no claims were filed in the civil action as to the vehicles. Doc. 2-2 at PageID 66, 67. Plaintiff alleges that he first learned of Wagner's failure to file claims only after filing his *pro se* motion for the return of the seized property. Doc. 2 at PageID 52. The Court ultimately overruled Plaintiff's motion on April 12, 2013. Doc. 2-3.

Plaintiff alleges that he retained Wagner to represent him on "all claims and charges made against him or his interest," and that Wagner specifically understood Plaintiff's desire to retain his interest in the seized property. Doc. 2 at PageID 52. Plaintiff claims that -- in light of the parties' broad representation agreement -- Wagner's failure to file claims in the administrative forfeiture action constituted malpractice,[4] and violated his due process and Sixth Amendment rights. *Id.* Plaintiff claims that, as a result of Wagner's actions, he lost his property and consequently suffered mental anguish and anxiety. Doc. 2 at PageID 49. Plaintiff seeks $200,000 in compensatory and punitive damages. *Id.* at PageID 54.

---

[3] The undersigned takes judicial notice that Plaintiff was sentenced to 78 months on August 19, 2011 in Case Number 3:10-cr-209 in the Southern District of Ohio.

[4] It is unclear whether Plaintiff argues that Wagner's supposed failure to file claims in the civil forfeiture action also constituted malpractice in his view, or whether he solely takes issue with Wagner's inaction with respect to the administrative forfeiture. However, this distinction does not affect the Court's analysis under § 1915(e)(2).

**II.**

The Court must dismiss Plaintiff's complaint upon finding his claims: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a Court must dismiss a complaint if its allegations fail to state a claim upon which relief may be granted.  To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements contained in Fed. R. Civ. P. 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standard to review under 28 U.S.C. § 1915(e)(2)(B)(ii)).  This "pleading standard does not require 'detailed factual allegations,'" but a complaint must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

To satisfy Fed. R. Civ. P. 8(a)(1), a pleading must allege grounds for the Court's jurisdiction.  "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which

4

provides for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). In addition to § 1915(e)(2) review, the Court must dismiss an action if it determines at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

### A. Federal question jurisdiction

"A plaintiff properly invokes § 1331 jurisdiction when [he or] she pleads a colorable claim 'arising under' the Federal Constitution or laws." *Arbaugh,* 546 U.S. at 501 (internal citations omitted). Plaintiff brings this action under 42 U.S.C. § 1983, alleging that Wagner violated his due process and Sixth Amendment rights. To state a claim under § 1983, Plaintiff must allege sufficient facts showing that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330 (1986). Both parts of the two-part test must be satisfied. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Here, Plaintiff's complaint names only his privately retained criminal defense attorney, Wagner, as a defendant. However, neither privately-retained attorneys nor court-appointed public defenders are considered state actors for the purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *see also Washington v. Brewer,* No. 91-1935, 1991 WL 243591, at *1 (6th Cir. Nov. 21, 1991). Therefore, because Wagner is not a state actor, he is not amendable to suit under § 1983, and Plaintiff's § 1983 claims fail as a matter of law.[5] *See Hudson v. Smith*,

---

[5] Nor can Plaintiff maintain a *Bivens* action against Wagner on the basis that Wagner represented Plaintiff in U.S. District Court. *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Under *Bivens*, a plaintiff must plead and prove that: (1) he has been deprived of rights secured by the Constitution or laws of the United States; and (2) the defendants allegedly depriving him of those rights acted under color of federal law. *Bivens,* 403 U.S. at 397. "[A] private attorney . . . do[es] not act under color of federal law for purposes of a *Bivens* action." *Bradford v. Shankman*, No. 85-5150, 1985 WL 13659, at *1 (6th Cir. 1985) (internal citations omitted).

5

No. 3:11-cv-40, 2011 WL 161769, at *3 (M.D. Tenn. Jan. 19, 2011) (holding that plaintiff's complaint against his criminal defense attorney failed to state § 1983 claims).

B.   **Diversity of citizenship jurisdiction**

A plaintiff "invokes § 1332 jurisdiction when [he or] she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Arbaugh,* 546 U.S. at 501.  A person's citizenship for purposes of diversity jurisdiction is his "domicile." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Domicile is determined by one's physical presence in a state coupled with "either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973).  In order to establish jurisdiction in this Court based upon diversity of citizenship, Plaintiff must allege that he and Wagner are citizens of different states.  28 U.S.C. § 1332(a)(1).

According to Plaintiff, Wagner is a citizen of Ohio.  Doc. 2 at PageID 47.  Thus, for a diversity analysis, the question is whether Plaintiff is a citizen of Ohio, where he maintained a residence prior to his incarceration and where the Court concludes he was domiciled,[6] or Florida, where he is presently incarcerated.  "[T]here is a rebuttable presumption that a prisoner retains his former domicile after incarceration," rather than acquiring a new domicile when he is incarcerated in a different state.  *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001) (citing *Stifel,* 477 F.2d at 1124).  Rebutting this presumption requires more than "unsubstantiated declarations" regarding an intent to establish a new domicile.  *See Stifel,* 477 F.2d at 1126.

---

[6] Plaintiff does not allege that he was domiciled anywhere other than Ohio prior to his incarceration, and states that he was under the supervision of the Ohio Department of Rehabilitation and Correction in 2008, and that an Ohio State probation officer visited his "home" in 2008.  *See* Doc. 2 at PageID 48.

Here, while Plaintiff is currently incarcerated in Florida, he makes no allegation that Florida was his pre-incarceration domicile, that he considers Florida to be his current domicile, or that he intends to remain in Florida after he is released from prison. Thus, Plaintiff's complaint lacks even "unsubstantiated declarations" regarding his intent to be domiciled in Florida. Accordingly, the Court finds that Plaintiff has not overcome the presumption that he maintains his pre-incarceration domicile of Ohio. *See Purdom v. Gettleman*, No. 08-cv-7-JMH, 2008 WL 695258, at *5 (E.D. Ky. Mar. 12, 2008) (incarcerated plaintiff failed to establish diversity of citizenship when his complaint contained only a "self-serving" statement that he intended to remain in Kentucky after his release from prison); *see also McPartland v. Cumberworth*, No. 3:13-cv-1340, 2013 WL 5797842, at *3 (N.D. Ohio Oct. 28, 2013) (plaintiff maintained his pre-incarceration domicile when he made no allegation that he was or intended to be domiciled in the state where he was incarcerated). Because Plaintiff and Wagner are not "diverse," Plaintiff cannot establish jurisdiction under § 1332.

### III.

For the foregoing reasons, the Court finds that Plaintiff's complaint does not satisfy Fed. R. Civ. P. 8(a)(1) because it fails to assert any claim with an arguable basis in law over which this Court possesses subject matter jurisdiction.[7] Accordingly, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3).

---

[7] Even if the Court had subject matter jurisdiction -- which it does not -- none of Plaintiff's state-law claims (for legal malpractice, breach of contract, negligence, misrepresentation, and breach of fiduciary duty) are actionable under § 1983. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (section 1983 does not provide redress for a violation of state law). Because there is no federal claim over which the Court has original jurisdiction (as Wagner is not a state or federal actor, and there is not complete diversity between the parties), the Court declines to exercise supplemental jurisdiction over those state-law claims. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996).

Date:   December 22, 2014                             s/ *Michael J. Newman*
                                                                                 Michael J. Newman
                                                                                 United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).